IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GREGORY LAWSON and BOBBY WELLS, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) CIVIL ACTION NO.  1:09cv609-WHA-WC | |
| | )            (WO) | |
| KFH INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

This case is before the court on a Motion for Attorney's Fees filed by Defendant KFH

Industries, Inc. ("KFH") on February 2, 2011 (Doc. #80), and a Response to Defendant's Motion

for Attorney's Fees and Motion to Alter or Amend the Court's Order and Judgment Granting

Summary Judgment, filed by Plaintiffs Gregory Lawson ("Lawson") and Bobby Wells ("Wells,"

collectively, "Plaintiffs") on February 16, 2011 (Doc. #82).  In their Response, Plaintiffs not only

contest KFH's request for attorney's fees, but also move to have this court alter or amend its

Order of January 24, 2011, granting summary judgment in KFH's favor against both Plaintiffs.

For the reasons to be discussed, KFH's Motion for Attorney's Fees is due to be DENIED, and

Plaintiffs' Motion to Alter or Amend is due to be DENIED.

## II.  DISCUSSION

A.     **Motion to Alter or Amend**

Plaintiffs have requested, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, that this court alter or amend its Order granting summary judgment in favor of KFH. A Rule 59(e) motion should be granted only if (1) there has been an intervening change in the law; (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered; or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. *See, e.g.*, *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). Plaintiffs allege that the court should reconsider its decision under the third ground for reconsideration.[1]

Plaintiffs' main argument for why this court's earlier Order should be altered is that they contend the court erroneously determined that Louis DeRosier ("DeRosier") was the decisionmaker who decided to terminate Plaintiffs in this case. Plaintiffs contend that there is at least an issue of fact that Robert Gourlay ("Gourlay"), not DeRosier, was the decisionmaker.

This court found that DeRosier was the decisionmaker because

> In this case, Gourlay submitted an affidavit that states that Louis DeRosier was the decisionmaker who decided to fire Plaintiffs. Gourlay Aff. at 3. Plaintiffs do not directly dispute this point, much less cite admissible evidence showing that Louis DeRosier was not the decisionmaker.

Doc. #77 at 19.

Defendants contend that they have presented admissible evidence creating an issue of fact as to whether Gourlay was the decisionmaker. As a preliminary and threshold point, the court

---

[1]Plaintiffs' brief does not explicitly state reasons why judgment should be altered or amended, rather, Plaintiffs' brief discusses reasons why Plaintiffs' suit against KFH was meritorious and therefore not a valid basis for awarding attorney's fees. The court will treat Plaintiffs' arguments regarding whether their suit is meritorious as arguments also directed at why this court should alter or amend its prior judgment.

notes that this argument is irrelevant.  This court explicitly stated: "[e]ven if the Plaintiffs'

evidence were sufficient to make a jury question as to whether Gourlay, rather than DeRosier,

was the actual decisionmaker, which it is not, there is no evidence of racial animus on his part."

Doc. #77 at 19 n.4.  Plaintiffs contend that if Gourlay is the decisionmaker, this court could find

he had racist motives under the cat's paw theory of liability by acting at the behest of Richard

Scarpelli ("Scarpelli") and Andy Stokes ("Stokes"), who Plaintiffs contend had racist motives.

The evidence before the court showed that Gourlay conducted an independent investigation by

interviewing not only Scarpelli and Stokes, but also DeRosier.  Because Gourlay conducted an

independent investigation, and there is no evidence from which a reasonable jury could conclude

that Gourlay, if he had been the decisionmaker, merely followed the recommendations of

Scarpelli and Stokes, he cannot be imputed with racist motives under the cat's paw theory.

*Stimpson v. City of Tuscaloosa*, 186 F.3d 1328, 1332 (11th Cir. 1999) ("[C]ausation may be

established if the plaintiff shows that the decisionmaker followed the biased recommendation

*without independently investigating* the complaint.") (emphasis added).  Therefore, even if

Gourlay were found to be the decisionmaker, this court would still grant summary judgment to

KFH.

   In any event, Plaintiffs' evidence is not sufficient to create an issue of fact as to whether

Gourlay was the decisionmaker.  Plaintiffs contend that Gourlay was the driving force behind the

investigation into Plaintiffs' alleged misconduct.  However, simply because Gourlay had a hand

in the investigation that led to Plaintiffs' termination does not mean that DeRosier could not be

the ultimate decisionmaker.  Plaintiffs also note that, before they were supposed to go to trial on

August 23, 2010,[2] (1) Plaintiffs' trial brief stated that Gourlay terminated them; and (2) the court

stated that one evidentiary dispute in this case was whether Gourlay or DeRosier was the

decisionmaker.  The court finds these points unpersuasive, because a party has a burden to

present admissible evidence to survive summary judgment, and the above two facts are not

admissible evidence on summary judgment.  Simply because this court may have found that the

parties disputed an evidentiary issue in the past, prior to trial, does not mean that the evidentiary

dispute would have been sufficient to survive summary judgment if a summary judgment motion

had been filed.  Moreover, simply because an evidentiary issue existed in the past does not mean

it will always exist in the future.

Plaintiffs also argue that they are entitled to survive summary judgment because they

presented sufficient evidence to find KFH's proffered nondiscriminatory reasons false.  The court

has already considered and rejected the argument that proving all of these reasons false precludes

summary judgment in this case, and will not reconsider it at this stage.  *See* Doc. #77 at 12-22.

In sum, Plaintiffs' Motion to Alter or Amend is due to be DENIED.

**B.      Motion for Attorney's Fees**

KFH moves for this court to award it reasonable attorney's fees under Rule 54(d)(2) of

the Federal Rules of Civil Procedure,[3] as well as 42 U.S.C. §§ 1988 and 2000e-5(k).  These

---

[2]This trial date was later continued.  *See* Doc. #65.

[3]Rule 54(d)(2) requires, in pertinent part, (1) the claim for attorney's fees to be by motion;
(2) the motion to be filed no later than 14 days after judgment, specify the judgment and the
grounds for the award, state the amount sought or provide a fair estimate of it, and disclose, if the
court orders, the terms of any agreement about fees for services for which the claim was made;
(3) the court to give an opportunity for adversary submissions on the motion.  Neither party

provisions allow the court to award attorney's fees to a "prevailing party" in a § 1981 and Title

VII suit, respectively.

Attorney's fees are routinely awarded to a prevailing *plaintiff* in a § 1981 and Title VII

suit. *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412,

417 (1978); *see also Hughes v. Rowe*, 499 U.S. 5, 14 (1980).  However, a prevailing *defendant*

can only receive attorney's fees in such cases if "the plaintiff's action was frivolous,

unreasonable, or without foundation, even though not brought in subjective bad faith."

*Christiansburg*, 434 U.S. at 417.  In other words, "[t]he plaintiff's action must be *meritless in the*

*sense that it is groundless or without foundation*.  The fact that a plaintiff may ultimately lose his

case is not in itself a sufficient justification for the assessment of fees."  *Hughes*, 499 at 14

(emphasis added).

The Eleventh Circuit considers three factors in determining whether a claim is frivolous:

"(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to

settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on

the merits."  *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985).

However, these factors are merely general guidelines, and "[d]eterminations regarding frivolity

are to be made on a case-by-case basis."  *Id.*

The first *Sullivan* factor favors Plaintiffs.  This court wrote in its opinion that it assumed

without deciding that Plaintiffs had established a prima facie case.  According to *Bonner v.*

*Mobile Energy Servs. Co.*, 246 F.3d 1303 (11th Cir. 2001), when a district court assumes without

---

disputes that the requirements of Rule 54(d)(2) were met.

deciding that plaintiffs meet their prima facie case, then for purposes of the *Sullivan* factors, the

first factor will weigh in favor of the plaintiffs. *Id.* at 1305 & n.11.

The second element is neutral. KFH admits it made a settlement offer to Plaintiffs,

however, the offer was a low, "nuisance value settlement offer," which did not recognize that the

case was meritorious. In *Quintana v. Jenne*, 414 F.3d 1306 (11th Cir. 2005), the Eleventh

Circuit held that with respect to this second *Sullivan* factor, courts should consider the "amount

of the offer." *Id.* at 1310. In that case, because the amount of the offer was not a "substantial

amount . . . [the second] factor does not support either party." *Id.* Under the logic of *Quintana*,

because the value of the settlement offer in this case was so low, the second *Sullivan* factor is

neutral.

The third factor favors KFH, because this case ended prior to trial.

However, merely because this court granted summary judgment in favor of KFH does not

mean that Plaintiffs' claims are frivolous. In most cases where frivolity has been found, "the

plaintiffs did not introduce any evidence to support their claims." *Sullivan*, 773 F.2d at 1189.

That is not the case here. In fact, this case is similar to a case the Eleventh Circuit held was not

frivolous. In *Bonner*, the Eleventh Circuit refused to award attorney's fees to a defendant who

prevailed on summary judgment, in part because the plaintiffs satisfied their prima facie case,

received a $125,000 settlement offer from the defendants, and submitted evidence of a report that

"does not suggest that [the plaintiffs] were discharged based upon their gender, but it does

establish at least the foundation of a claim that [the defendant] acted out of ulterior motives."

*Bonner*, 246 F.3d at 1305. Likewise, in this case, Plaintiffs satisfied their prima facie case, and

presented sufficient evidence to create an issue of fact as to whether KFH's proffered

nondiscriminatory reasons for terminating Plaintiffs were false.  While Plaintiffs did not receive

a settlement offer as large as the plaintiffs in *Bonner*, that fact alone does not tip the scales of this

case to the frivolous side.

Based on the three *Sullivan* factors as well as the *Bonner* case, the court concludes that it

would be inappropriate to award attorney's fees to KFH.  Awarding attorney's fees to KFH here

would "undercut the efforts of Congress to promote the vigorous enforcement provisions of Title

VII [and § 1981]," which the Supreme Court has urged courts to avoid.  *Id.* (quoting

*Christiansburg*, 434 U.S. at 421-22).

Because the court has concluded that KFH's Motion for Attorney's Fees is due to be

denied on the ground that this suit was not frivolous, this court need not address Plaintiffs'

alternative arguments regarding fees incurred after the dispositive motion deadline, or regarding

Plaintiffs' financial resources.


### III.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

(1)     KFH's Motion for Attorney's Fees is DENIED (Doc. #80); and

(2)     Plaintiffs' Motion to Alter or Amend (Doc. #82) this court's judgment of January

24, 2011 is DENIED.


Done this 18th day of February, 2011


/s/ W. Harold Albritton

W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE